UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XEZAKIA ROUSE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LAURA BELTRAN,<br><br>　　　　　Defendant. | No. 2:21–cv–1085–JAM–KJN PS<br><br><br>ORDER TO SHOW CAUSE |

　　　This case comes before the court on plaintiff's motion to proceed in forma pauperis ("IFP") with his complaint filed June 21, 2021.[1] (ECF Nos. 1-2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees). Plaintiff brings this complaint against Laura Beltran, a staff member for a California state Assemblymember, for allegedly improperly sharing plaintiff's personal contact information with a local city attorney in Napa.

　　　The undersigned declines to rule at this time on the IFP motion because an initial review of the complaint indicates that this district, the Eastern District of California, may not be the proper venue for this case. Instead, the court orders plaintiff to show cause why this action

///

---

[1] Because plaintiff is self-represented, this action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

should not be dismissed without prejudice or transferred to the U.S. District Court for the Northern District of California.

Venue in a civil action is generally proper in (1) a judicial district where any defendant resides, if all defendants reside in the same State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).  Defects in venue may be raised by the court on its own where a defendant has not yet responded to the complaint and the time for doing so has not expired.  See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).  When a case is filed in the wrong district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

As to the first option, venue is not shown to be proper in this district based on residency because the complaint does not definitively allege where Ms. Beltran, the lone defendant, resides. See 28 U.S.C. § 1391(b)(1) (venue is proper in "a judicial district in which any defendant resides" if all defendants live in state).  A natural person is deemed to reside in the judicial district in which she is "domiciled."  28 U.S.C. § 1391(c)(1).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  Gaudin v. Remis, 379 F.3d 631, 636 (9th Cir. 2004).  The complaint states that defendant's "address is listed at" a State Capitol post office box in Sacramento, California.  (ECF No. 1 at 1.)  However, that is clearly not her home.  Elsewhere in the complaint, plaintiff implies that defendant lives in Napa County by alleging that she "assisted Napa Officials, whom she lives in the community with . . . ."  (Id. at 3.)  Napa County lies within the Northern District of California, not the Eastern District of California.

As to the second option, under § 1391(b)(2), venue can be proper if the action is filed in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of [the] property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).  The current complaint does not indicate that the events at issue took

place in this judicial district, or that there is any property at issue in this case. Plaintiff brings various invasion-of-privacy claims and an equal protection claim against defendant Beltran, who is a staff person for State Assemblymember Cecilia Aguiar-Curry. (ECF No. 1 at 1, 4-5.) The privacy claims arise from Ms. Beltran's alleged act of forwarding plaintiff's home address and phone number to the Napa Assistant City Attorney after plaintiff contacted the Assemblymember's office with a request to audit the Napa Special Investigations Bureau; and the equal protection claim arises from Ms. Beltran's alleged refusal to assist plaintiff further with his request upon learning that he is a resident of Ohio and no longer a constituent of the Assemblymember. (Id. at 4-5, 9.)

One of the attachments to the complaint is a copy of Ms. Beltran's email to plaintiff requesting an explanation of his request along with his home address and phone number. (Id. at 9, Ex. A.) The signature line of the email reflects that Ms. Beltran is a Senior Field Representative for Assemblymember Aguiar-Curry and works in the district office located at 2721 Napa Valley Corporate Drive in Napa, California. (Id.) This indicates that both of the complained-of actions by Ms. Beltran (her emails regarding plaintiff's contact information, and her subsequent refusal of plaintiff's request) took place at her work site in Napa, California, which again is located in the Northern District of California, not the Eastern District of California.

Plaintiff asserts that venue is proper in this district because "the final decision" regarding his request came from Sacramento, California—the "principal office where the defendant reports to." (Id. at 2.) Later, plaintiff states that he "appealed" Ms. Beltran's refusal to "the highest levels in Sacramento" but was denied. (Id. at 4.) The allegation that a "final decision" was made in Sacramento does not make venue proper in this district, however, because plaintiff is only suing Ms. Beltran herself for the two sets of actions identified above. The complaint indicates that both Ms. Beltran's conveyance of plaintiff's contact information and her subsequent refusal of plaintiff's request originated in Napa. Therefore, under the current complaint, it cannot be said that "a substantial part" of the events giving rise to plaintiff's claims occurred in this district. See 28 U.S.C. § 1391(b)(2).

///

The last way venue can be proper is "if there is no district in which an action may otherwise be brought" as provided in subsections (b)(1) and (b)(2), then venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3).  This district does not appear proper under § 1391(b)(3), however, because the action could have been brought in the Northern District of California under subsection (b)(2) as just explained.

When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a).  Alternatively, even if venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); see Singh v. Cissna, No. 1:18-cv-0782-SKO, 2018 WL 4182602, at *3 (E.D. Cal. Aug. 30, 2018) (noting court's authority to transfer a case, on the court's own motion, to another district under § 1404(a), "so long as the parties are first given the opportunity to present their views on the issue").

Plaintiff is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed for improper venue or transferred to the U.S. District Court for the Northern District of California under 28 U.S.C. §§ 1404(a) or 1406(a).  **Within fourteen (14) days of the date of entry of this order, plaintiff shall file a written response.**  Plaintiff's response shall be filed as a separate memorandum and shall indicate why the case should remain here in the Eastern District of California.[2]

---

[2] The court also advises plaintiff that, separate from the venue issue, there are several problems with the complaint that will likely require amendment before a court considers directing service of the complaint on defendant.  The court does not analyze the complaint in detail here because that analysis is best reserved for the transferee court, if the undersigned concludes that transfer is warranted.  Briefly, however, it appears that the Federal Privacy Act of 1974 does not apply to defendant Beltran because "the Act is specifically limited to actions against agencies of the United States Government." Unt v. Aerospace Corp., 765 F.2d 1440, 1447 (9th Cir. 1985); see 5 U.S.C. § 552a(a)(1).  Further, it is unlikely that any court would accept plaintiff's passing references to various state privacy statutes and constitutional provisions as satisfying Rule 8 of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement" of each claim); Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) ("[T]he 'short and plain statement' must provide each defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests.").  And finally, the majority of the relief plaintiff requests is

**ORDER**

Accordingly, IT IS HEREBY ORDERED that, within 14 days of the entry of this order, plaintiff shall file a brief showing cause why this action should not be dismissed for improper venue or transferred to the Northern District of California under 28 U.S.C. §§ 1404(a) or 1406(a).

Dated: August 11, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1085, rous

---

directed toward the Napa Special Investigations Bureau, which is not a defendant in this action. (ECF No. 1 at 6-7 (seeking an order for the NSIB to be disbanded and audited, among other things).) Such relief is not available in a suit against Ms. Beltran, who is not a member or agent of the NSIB.